No. 267

MOSTOV v. UNKEFER

Ohio Appeals, 6th Dist., Lucas Co.

No. 1802. Decided Feb. 8, 1927

118. AUTOMOBILES—The rule that everyone driving an automobile at night is presumed to be able to stop within the radius of the light thrown out by one's headlights, is not applicable to all situations, and where a person runs into a truck at night, said truck being parked upon the highway without lights, the court will not direct a verdict in favor of the truck owner.

First Publication of this Opinion

WILLIAMS, J.

Viola R. Unkefer, the plaintiff in the court below, brought an action against Sam Mostov in the Lucas Common Pleas to recover for personal injuries. The verdict in the court below resulted in judgment for Unkefer in the sum of $3000. This is a proceeding in error brought by Mostov to reverse the judgment.

The facts were that Mostov, a dealer in junk thru his agent, was operating a truck which ran out of gas. The agent left the truck standing on the highway without lights and Unkefer ran into the truck. At the time of the accident his lights were in good shape and cast a beam 200 feet ahead, he was traveling at 25 miles per hour, and the car could be stopped within 30 to 50 ft. after application of the brakes. The collision occurred in the State of Michigan.

The question raised is, should the court below have directed a verdict for the defendant? In determining this question it is conceded that under the law of Michigan the doctrine of imputed negligence prevails and if the driver of the coupe was guilty of contributory negligence Unkefer's right to recover would be barred thereby.

1. In determining whether the doctrine of imputed negligence would apply, the rights of the parties would be governed by the law of the place where the tort is committed, the law of the State of Michigan, having been in the instant case pleaded and proved.

2. While there are cases in which it has been held that where an auto is driven at such a rate of speed that it cannot be stopped within the range of its lights, the driver is guilty of negligence as a matter of law; however, there is respectable authority to the contrary.

3. Whether a verdict should be directed on the ground that the driver is guilty of contributory negligence as a matter of law, should depend upon the facts of the particular facts.

4. While the facts might be such as to make the contributory negligence of the driver undisputed and a question for the court, in other cases different minds might reach different conclusions on that question, and it would be one for the jury.

5. The Legislatures in Michigan and also in Ohio, knowing that unlighted vehicles upon the highway were frequently run into a source of danger, has required by law that a red light be displayed at the rear thereof.

6. If a red light had been on the truck it is probable that the collision would not have taken place. The jury may have found and would be justified in finding, that the absence of such red light was the sole and proximate cause of the collision.

7. It is claimed, however, the case of Terminal R. R. Co. v. Hughes 115 OS. is decisive of this case in that Hughes knew he was approaching a railroad crossing and should have been put on his guard; while in this case the driver had a right to presume that the roadway was free from all obstructions.

Judgment therefore affirmed.

(Culbert & Richards, JJ., concur.)

Attorneys—Eugene Rheinfrank for Mostov; John P. Manton for Unkefer; both of Toledo.