ceding the text of the Act there is set forth in the Code a definition of "Transfer" from Vouvier's Law Dictionary, Baldwin Edition, page 1185:

"The act by which the owner of a thing delivers it to another person with the intent of passing the rights which he has in it to the latter."

It is evident that Johnson, the owner never delivered the stock to any person with the intent of passing all of his rights in it to that other. Likewise in terms the statute provides, §8675-22 GC that "Transfer" means "transfer of a legal title" and "title" means "legal title and does not include a merely equitable or beneficial ownership of interest." No holder of this stock subsequent to Johnson took it by transfer or held legal title thereto under the Act. §8673-21 GC defines "owner" as

"The person to whom a certificate was originally issued, is the person appearing by the certificate to be the owner thereof, and of the shares represented thereby, until and unless he endorses the certificate to another specified person, and thereupon such other specified person is the person appearing by the certificate to be the owner thereof until and unless he also endorses the certificate to another specified person."

That is to say, that any person who deals with the holder of a certificate who is not specifically designated as an endorsee thereon must be presumed to have special ownership therein only, namely, an equitable or beneficial ownership or interest.

Sec 8673-7 GC provides, so far as is pertinent here, that a certificate may be reclaimed and transfer rescinded:

"If the endorsement or delivery of a certificate (a) Was procured by fraud or duress. (b) Was made under such mistake as to make the endorsement or delivery inequitable * * * unless the certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful * * *."

That portion following the word "unless" in the section just quoted will not protect Ford in this transaction because, by the terms of the statute, the certificate was not transferred to him as he was put on notice that Hitchcock was not the owner thereof. In this situation, the case. of **Roxborough v Messick, 6 Oh St, 448** and Miller

v Green, 9 A.L.R., 1610 and annotations are controlling because Ford could not be said to be a bona fide purchaser of the stock for value without notice. Roxborough v Messick, supra, was a case involving a promissory note, an instrument with the highest form of negotiability and the court announces in the syllabus that:

"When the note of a third person is transferred, bona fide, before due, as collateral security, and for value, such as in consideration of a loan, or advancement, or a stipulation, express or implied, of further time to pay a pre-existing debt, or in consideration of a change of securities of a pre-existing debt, or the like, the holder of such collateral will be protected from infirmities affecting the instrument before it was thus transferred. But when a debt is created, without any stipulation for further security, and the debtor afterward, without any obligation to do so, voluntarily transfers a negotiable instrument, to secure the pre-existing debt, and both parties are left, in respect to the pre-existing debt, in statuo quo, no new consideration, stipulation for delay, or credit being given, or right parted with, by the creditor, he is not a holder of the collateral for value, in the usual course of trade, and receives it subject to all the equities existing against it at the time of the transfer."

If we are correct in our theory of the law of this case, then the usual principles of equity as recognized in the cited cases are determinative. §8673-18 GC. If the statute has application, then we are in error. It is our judgment that the statute does not reach nor define the rights of the parties in this action.

Judgment reversed and final judgment for Jackson, in the sum of his damages, which sum should be fixed by the trial court and for which purpose the cause is remanded.

KUNKLE & BARNES, JJ, concur.

## TRANSCONTINENTAL CAR FORWARDING CO v SLADDEN

Ohio Appeals, 9th Dist, Summit Co

Decided Oct 22, 1934

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error.

For full opinion see 1 OO 170; 49 Oh Ap 53.

## UNION COUNTY SAVINGS & LOAN CO v KING et

Ohio Appeals, 2nd Dist, Franklin Co

No 2421. Decided Dec 31, 1934