## HORNICKEL v
## LAKE SHORE MOTOR FREIGHT CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 18, 1935

John Ruffalo, Youngstown, for plaintiff in error.

Paul Clarke, for defendant in error.

## OPINION

By ROBERTS, J.

In this error proceeding the parties occupy the same relative position in the hearing in this case as in the Court of Common Pleas and will be likewise hereinafter designated. It is not thought necessary in the consideration of this case to make an extended statement of the allegations of the petition, answer and reply. The plaintiff sought to recover damages for injuries which he claimed to have received by reason of the actionable negligence of the defendant. The cause came on for trial in the Court of Common Pleas and after the plaintiff had introduced his testimony and rested, counsel for the defendant moved the court for a directed verdict against the plaintiff and in favor of the defendant, which motion was sustained by the court, the journal entry showing that the motion was sustained on authority of the case of Gumley, Admr. v Cowman, 129 Oh St, 36. A verdict was returned by the jury in favor of the defendant, in conformity with the directions of the trial court.

While several alleged grounds of error are stated in the petition in error, the real issue now raised in this court is the contention of the plaintiff that the court erred in sustaining the motion of the defendant at the close of plaintiff's testimony to direct a verdict for the defendant and against the plaintiff, and that the verdict is contrary to law in that the cause should have been submitted to the jury for determination.

On the 25th day of March, 1934, at about twelve-thirty A. M.. the plaintiff was operating his motor vehicle in a southerly direction on Belmont Avenue in the city of Youngstown. The defendant operated a place of business on the east side of said street, and at this time a truck owned and controlled by the defendant was standing, parked in a southerly direction on the westerly side of said street, immediately adjacent to the curb thereof, and had been so parked for an hour or more previous to the accident. This truck was some twenty feet in length. The rear end gate of the body thereof was turned down. There was lying in the truck a large, solid, circular metal bar, eight and a half inches in diameter, the front end of which after the accident was immediately in contact with the front end of the body of the truck and

lying upon the floor of the truck, it extended sixty-eight and one half inches in the rear of the truck; that is, beyond the body or floor of the truck.

The plaintiff, then operating his Plymouth automobile in a southerly direction at a rate of thirty or thirty-five miles an hour, within about three feet of the curb on the westerly side of the street, when his automobile reached the truck of the defendant, it came in contact with the rear end thereof, the westerly side of the automobile after the collision being about opposite a center line of the truck, and the automobile was somewhat deflected to the left, about half of it being east of the easterly side of the truck. After the accident, as indicated by the testimony, this metal bar had come in contact with the steel frame on the right side of the windshield, and the bar had passed through that part of the windshield. The plaintiff was rendered unconscious by the collision of these motor vehicles and received considerable injury, but for present purposes it is not necessary to go into the extent thereof.

Testimony on the part of the plaintiff indicates that the truck was not lighted, and especially that there were no red lights on the rear of the truck. There is some other testimony in the case, elicited on cross examination, to the effect that when witnesses appeared upon the scene some little time after the accident, there may have been or was a small red light under the rear end of the truck. This, however, is denied by the plaintiff. If there was such a light, testimony of its existence does not antedate the appearance of persons at the truck some little time after the accident, and if there was such light it is not indicated whether it was upon the truck at the time of the collision or the lights had been turned on the truck after the collision. The plaintiff, operating his car at the speed indicated, and about three feet from the curb on his right hand side, did not observe the presence of the truck until his car was about ten feet from the truck. The testimony further indicated that his headlights were burning, were in good condition and that he could discern objects at least for a distance of fifty-two feet in front of his car.

When the plaintifff rested his case the motion for a directed verdict was made on the authority of Gumley v Cowman, supra, and sustained by the court on that authority. The plaintiff contends that he was unable to stop his automobile after discovering the truck but attempted to deflect its course to the left, hoping to pass around it and avoid a collision. The position of the automobile after the accident indicated that the plaintiff had succeeded in partially turning it to the left. The plaintiff brought this action seeking a recovery for the alleged negligence of the defendant in leaving this truck in the position before indicated, unlighted and without other indication of its presence upon a much traveled street, and contended that there was actionable negligence on the part of the defendant as follows:

"FIRST: In failing and neglecting to attach any red light or other appropriate device to the rear end of said metal bar in order to give adequate warning that same extended beyond the rear portion of said truck, as herein set forth.

SECOND: In causing and permitting said metal bar to be so placed on said truck that same projected beyond the rear end of said truck.

THIRD: In failing and neglecting to give plaintiff any notice or warning that said truck was loaded with any material that extended beyond the rear end of said truck."

Counsel for defendant, while citing other authorities from other states, seems to rely upon the cases of Skinner v Penna. Rd. Co., 127 Oh St, 69, and Gumley, Admr. v Cowman, 129 Oh St, 36. The syllabus in the Skinner case reads as follows:

"The language of §12603, GC, providing that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which constitutes negligence per se."

The syllabus in the Gumley case is as follows:

"1. The language of §12603, GC, providing that no person shall drive any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which constitutes negligence per se. (Skinner v Pennsylvania Rd. Co., 127 Oh St, 69, approved and followed).

2. The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within

the distance at which he can see a discernible object obstructng his path."

It is the contention of counsel for the defendant that these authorities are decisive upon the proposition that the plaintiff was guilty of negligence per se, and therefore the situation required, when invoked, a directed verdict in favor of the defendant, as was done in this case. The concluding paragraph of the opinion in the Gumley case reads as follows:

"However, the plaintiff contends that the foregoing views give the statute an interpretation under which there could never be a recovery by a driver of an automobile that collides with an object in its path. In other words, the single fact that an automobile collides with anything ahead of it would be considered as evidence of negligence on the part of the driver. This court entertains no such views as to the intention of the Legislature in enacting this amendment. In attempting to assist in lowering the constantly increasing number of automobile collisions, undoubtedly the Legislature did not intend to require drivers to do the impossible. Collisions of this sort may still occur despite the exercise of due care on the part of the driver of the colliding automobile in attempting to observe the statute, and under proper circumstances the questions of proximate cause and negligence on the part of such driver must be submitted to the jury. Without attempting to indulge in an inflexible or all-inclusive definition it is sufficient for the scope of this case to observe that the present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernible object obstructing his path. Lindquist v Thierman, 216 Iowa, 170; 248 NW, 504."

In this paragraph it is indicated that the Supreme Court does not understand or intend that the rule enunciated in the syllabus is "an inflexible or all-inclusive definition."

In the Gumley case the truck with which the automobile collided was moving along the highway and was consequently not parked with red lights on the rear. The Skinner case differs from the instant case in that the automobile in which the plaintiff was riding collided with a train upon a railroad track. If the construction claim-

ed by counsel for the defendant of the Skinner case were applied in the case under consideration, it is apparent that there could rarely, if ever, an accident result by collision with the rear of another motor vehicle in advance, would be actionable by reason of the requirement of the plaintiff to keep his car within the assured clear distance ahead.

It will be observed that in both the Gumley case and the Skinner case the conclusion in the syllabus is that a condition of negligence per se arises, but in neither is it suggested that the negligence per se was a proximate cause of the accident. Negligence per se is not actionable unless such negligence is also a proximate cause of the accident.

Attention is now directed to the case of **Transcontinental Car Forwarding Company v Sladden, 49 Oh Ap, 53 (18 Abs 518); (21 Abs 212)** reported in the Ohio Bar Association Report, issue of April 8th, 1935. This decision was rendered after and with knowledge of the Skinner case, supra. The syllabus in this case reads as follows:

"When a motor vehicle is parked in the line of traffic upon a public highway in the night season without exhibiting thereon the lights required by statute to be displayed, and without any other warning of its presence, and another vehicle driven in violation of the assured clear distance portion of §12603, **GC**, collides therewith, a factual question as to whether the driving of the car in violation of §12603, **GC**, was a contributing proximate cause of the resultant injury and damage is presented and should be submitted to a jury unless circumstances are shown from which the conclusion that such violation of §12603, **GC**, was a contributing proximate cause, is the only conclusion that reasonable minds may reasonably reach."

We venture to quote from the opinion in this case, at some length, as follows:

"Contributory negligence on the part of plaintiff is a bar to an action only when it proximately contributes to the infliction of the injury; and if the damage is not the necessary, ordinary or likely result of such contributory negligence, but is due to some wholly unlikely fact or unexpected event which could not reasonably have been anticipated or regarded as likely to occur, such contributory negligence is too remote to be a bar to an action.

The negligence of the plaintiff may be concurrent with the negligence of the de-

fendant, and not be, strictly speaking, a proximate cause of an injury.

It is not the belief of this court that the Supreme Court of Ohio, by its decision in the Skinner case, intended to absolve the operators of motor vehicles from all responsibility for rear-end collisions resulting from the parking of vehicles on the highways without compliance with the statutory requirements with reference to lights. On the contrary, it is our opinion that, in considering the question of whether the negligence of the driver of an automobile, driven in violation of the "assured clear distance" portion of §12603, GC, was a contributing proximate cause of a collision with a vehicle standing upon the highway in violation of law, a jury may consider whether or not the circumstances were such as to have justified the operator of the moving motor vehicle in assuming that other persons in their use of said highways would likely comply with, rather than violate, the laws governing the use of the highways and the operation of motor vehicles thereon. And when a motor vehicle operator, driving his vehicle in compliance with the laws governing its operation in the night season, except with reference to the "assured clear distance" portion of §12603, GC, is suddenly confronted with the presence of an unlighted vehicle in his path, which presence has not been made known by an exhibition of the lights required by statute, or otherwise, we believe that an emergency is thereby created which a jury may be justified in finding was not created by a violation of the 'assured clear distance' portion of §12603, GC, but by the unlawful act of the operator of the unlighted vehicle, and that therefore a factual question as to what was the proximate cause of the resultant collision is presented for the consideration of the jury. In other words, where the negligence of plaintiff and the negligence of defendant consist of violations of laws, all the circumstances should be considered in determining whether the negligence of one or the other, or of both, was a proximate cause; that presents a jury issue, unless reasonable minds cannot reasonably differ as to the conclusion that should be reached from a consideration of all the facts and circumstances."

Without quoting, we cite the case of **Mostov v Unkefer**, 24 Oh Ap, 420 (5 Abs 242), and the case of **Page v Neiland**, 40 Oh Ap, 141. Notwithstanding the rule declared in the Skinner and Gumley cases, before a verdict can be directed or a verdict rendered for the defendant where the defense is contributory negligence, it must appear that the plaintiff was guilty of negligence proximately contributing to the accident, and in directing a verdict such contributory negligence must appear to the extent that reasonable minds can not differ upon the proposition of the plaintiff's negligence being a proximate cause of the accident. See also 4 **Ohio Jurisprudence**, "Automobiles," §§16 and 18; 29 **Ohio Jurisprudence**, "Negligence," §§40, 68 and 90.

The collision in the instant case is not simply a collision between two automobiles, but was a collision, primarily at least, between the plaintiff's automobile and the six and one half inch iron bar protruding sixty-eight and one half inches in the rear from the back end of the body of the truck. Whatever may be said of the truck, it can not be said that this bar, under the circumstances, in the night season, was a discernible object. It was not seen by the plaintiff. It could not have been seen by him in the exercise of due care. It can be argued with considerable plausibility that had it not been for the presence of this bar the plaintiff would have succeeded in turning his car to the left sufficiently to have avoided the collision with the truck. The testimony so indicates, at least to the extent of requiring a determination by the jury of that proposition. It further may be argued with reason that the injury which the plaintiff sustained was the result of his automobile coming in contact with this bar, striking the windshield and frame thereof, and had it not been for this bar and the automobile had collided with the truck, the injuries complained of would not have been sustained, or, in any event, that the injuries would not have been to the extent they were shown to have been by the evidence in this case. These environments present such a situation as required the submission of this case to the jury for determination of the cause of the accident and the plaintiff's injuries; that is, whether they were caused by colliding with the truck or colliding with an admittedly unguarded and unlighted iron bar extending out beyond the truck, as hereinbefore stated. These are conditions upon which it can not be said that reasonable minds would not differ.

The conclusion is reached that the necessary establishment of a proximate cause in connection with negligence of the plaintiff, and a determination, as before indicated, of whether or not the iron bar was the immediate cause of the accident, a non-discernible object, required the submission of this case to the jury, and the court

committed reversible error in directing the verdict at the close of plaintiff's evidence in favor of the defendant.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded.

Judgment reversed.

CARTER and NICHOLS, JJ, concur.